## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH BASCOM, JR.,** | : | **CIVIL ACTION NO. 3:23-CV-1271** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **PA TREATMENT & HEALING** | : | |
| **d/b/a PATH,** | : | |
| | : | |
| **Defendant** | : | |

### <u>MEMORANDUM</u>

Perhaps all employment terminations are contentious, but not all violate the law. Kenneth Bascom sued his former employer, PA Treatment & Healing, d/b/a PATH, for allegedly violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* PATH moved to partially dismiss the ADA and disability-related PHRA claims in Bascom's First Amended Complaint ("FAC") and later moved for summary judgment on all claims. The court will grant PATH's summary judgment motion except as to Bascom's Title VII and gender-based PHRA hostile work environment claims and deny as moot the motion to dismiss.

## I. Factual Background & Procedural History[1]

In 2022, Bascom served as project director and facility director for PATH's

Altoona and Honesdale offices. (Doc. 32 ¶ 4). He reported to Aracely Mitchell,

PATH's president and CEO. (Id. ¶ 5). Bascom and Mitchell did not see eye-to-eye.

Bascom testified that Mitchell made numerous gender-based remarks against him.

The remarks included Mitchell chastising Bascom's "abrasive masculinity" and that

she "continued telling me how to be a man, basically demasculating me." (Doc. 38-5,

Bascom Deposition, hereinafter "Bascom Dep." 37:1-23; 42:14-22). When Bascom

tried to take a week off for his mental health, he contends Mitchell laughed at him,

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to
Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise
statement of the material facts, in numbered paragraphs, as to which the moving
party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. A party
opposing a motion for summary judgment must file a separate statement of material
facts, responding to the numbered paragraphs set forth in the moving party's
statement and identifying genuine issues to be tried. Id.

Bascom's response to PATH's statement of material facts flouts this rule in
two ways. (Doc. 38-1). First, it enumerates an additional 114 paragraphs styled as
"Plaintiff's Statement of Disputed and Material Facts," which Rule 56.1 does not
permit. (Doc. 38-2). Second, he denies certain facts that PATH proffers by citing to
these improper additional paragraphs, including in some cases by citing to the
entirety of these additional paragraphs. (See, e.g., Doc. 38-1 ¶ 40 ("Denied. Mr.
Bascom was terminated discriminately and in retaliation for his protected activity.
PSOF at ¶¶ 1-114.")). Therefore, where Bascom fails to properly controvert PATH's
statement of material facts with specific record citations, the court will consider
such facts undisputed for purposes of resolving PATH's motion for summary
judgment. See Weitzner, 909 F.3d at 613-14; Cevdet Aksut Ogullari Koll. Sti v.
Cavusoglu, No. CV 2:14-3362, 2018 WL 585541, at *3 (D.N.J. Jan. 29, 2018)
("disregard[ing] all statements that do not conform to Rule 56 and Local 56.1.").

Unless otherwise noted, the factual background herein derives from the
parties' Rule 56.1 statements of material facts. (See Docs. 32, 38-1). To the extent the
parties' statements are undisputed or supported by uncontroverted record
evidence, the court cites directly to the statements of material facts.

to which he responded, "I can't believe you're laughing at me about saying I need to have a mental health week off." (Id. 65:12-66:17).

Bascom's employment at PATH was marred with peer complaints and disciplinary actions. At least seven staff members filed complaints against Bascom. (See, e.g., Doc. 34-1, Haefner Deposition 38:12-39:19; Doc. 34-7; Doc. 34-11). In one March 3, 2022, letter that HR and finance assistant Angela Kinney sent Mitchell regarding Bascom, Kinney noted she stopped attempting to balance the Honesdale office's petty cash and copay accounts due to "the improper ways" Bascom was handling those accounts. (Doc. 32 ¶¶ 1, 13; Doc. 34-10 at ECF 2). Later that month, Bascom apologized to PATH staff for his speech and conduct undergirding the various complaints against him. (Doc. 32 ¶ 11). On October 12, 2022, Kinney submitted a grievance against Bascom to Mitchell, which Kinney supplemented on October 24, 2022. (Id. ¶ 20). The supplement accused Bascom of misusing client co-pays as petty cash since Kinney was hired in April 2020. (Id. ¶ 21). Another employee complained in March 2022 that Bascom asked her if she had "been taking [her] meds" and if she was "taking them properly." (Doc. 34-11 at ECF 2). Yet another employee informed Mitchell in April 2022 that she was "quitting because of [Bascom]" and that "he is still tormenting me." (Doc. 34-14 at ECF 4). When PATH discovered Bascom left a training early without receiving the commensurate certification, it ordered Bascom to pay back the costs associated with attending that training. (Doc. 34-6 at ECF 2).

Amid these complaints and transgressions, Bascom submitted a grievance to PATH's board of directors against Mitchell on August 21, 2022. (Doc. 32 ¶ 16; Doc.

34-15). The grievance outlined purported discrimination, harassment, and other
inappropriate conduct by Mitchell. (Doc. 34-15). For example, Bascom alleged
Mitchell "has coerced junior staff to 'stand up to Ken'" and to "'[t]ell me what you
really th[ought] of Ken,'" because he is a man. (Id. at ECF 3). He maintained
Mitchell "consistently us[ed] derogatory language about my gender to my face and
to other agency staff." (Id. at ECF 6).

On August 24, 2022, Bascom filed a letter of resolution of the grievance he
previously filed against Mitchell. (Doc. 34-16 at ECF 5). In the three days between
these letters, Bascom met with Mitchell, Heather Haefner (PATH's director of
finance), and Patrick Hughes (PATH board member). (Id. at ECF 3). He wrote,
"These conversations were frank, open, and I believe honest." (Id.).

On December 8, 2022, PATH's board unanimously voted to terminate
Bascom's employment based on reports prepared by Heather Haefner, PATH's
director of finance, documenting Bascom's harassing conduct and financial
improprieties. (Id. ¶¶ 39-40; Doc. 34-20; Doc. 34-23 ¶ 6). Mitchell neither had a vote in
Bascom's termination, nor was present at the December 2022 meeting at which
Bascom was terminated. (Doc. 32 ¶¶ 39, 43). Bascom admits he has no knowledge
that the voting PATH board members harbored any bias or retaliatory intent
against him. (Id. ¶¶ 44-45; Doc. 38-1 ¶¶ 44-45). Lisa Bansa, one of the PATH board

members who voted to terminate Bascom, affirmed in a sworn affidavit that her "vote to terminate Mr. Bascom was not influenced by his sex, his health, or any complaints made by him at anytime." (Doc. 34-23 ¶ 7).

Bascom filed his complaint against PATH on July 31, 2023, which he amended on May 6, 2024. (Docs. 1, 23). PATH filed a partial motion to dismiss on May 20, 2024, and, after discovery completed, filed a motion for summary judgment on August 16, 2024. (Docs. 24, 31). The motions are fully briefed and ripe for disposition. (Docs. 26, 27, 28, 33, 38, 39).

## II.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mall Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary

judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the

moving party may produce material facts, established as genuinely undisputed, that

entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second,

under the Celotex approach, a moving party may instead demonstrate that the

nonmoving party has not made 'a showing sufficient to establish the existence of an

element essential to that party's case *on which that party will bear the burden of*

*proof at trial.*'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by

producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S.

at 256. The nonmoving party "may not rest upon mere allegation or denials of his

pleading, but must set forth specific facts showing that there is a genuine issue for

trial." Id. The party "must do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff." Anderson, 477

U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly

contradicted by the record, so that no reasonable jury could believe it, a court

should not adopt that version of the facts for purposes of ruling on a motion for

summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

This court has wide discretion to sanction noncompliance with local rules,

including Local Rule 56.1, which serves the important purpose of organizing the

summary judgment record and facilitating efficient disposition of Rule 56 motions.
See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613-14 (3d Cir. 2018). Permissible

sanctions for failure to strictly comply with Local Rule 56.1 include striking

nonresponsive statements of fact or deeming a moving party's statement to be

unopposed when not properly controverted. See id.; see also FED. R. CIV. P. 56(e);

M.D. PA. L.R. 56.1. In resolving the instant motion, the court has reviewed the

parties' statements and has independently considered the entire record.

## III.    Discussion

Bascom raises three sets of claims in his complaint: (1) gender

discrimination, retaliation, and hostile work environment under Title VII; (2)

perceived disability discrimination, retaliation, and hostile work environment under

the ADA; and (3) gender discrimination, perceived disability discrimination,

retaliation, and gender- and disability-based hostile work environment under the

PHRA. (Doc. 23 ¶¶ 72-87). As discussed further below, only his Title VII and gender-

based PHRA hostile work environment claims survive summary judgment. His

ADA and other PHRA claims, which are also the subject of PATH's partial motion

to dismiss, do not survive summary judgment, so the court will deny PATH's partial

motion to dismiss as moot. (Doc. 24).

### A.  Title VII

#### 1.  Discrimination & Retaliation

Bascom's Title VII discrimination and retaliation claims rely on indirect

evidence. Plaintiffs relying on indirect evidence to support their Title VII claims

"may do so by applying the familiar McDonnell Douglas burden-shifting

framework." <u>Carvalho-Grevious v. Delaware State Univ.</u>, 851 F.3d 249, 257 (3d Cir.

2017). At step one, they must make a prima facie case of discrimination or

retaliation. The prima facie case for gender discrimination requires a showing that

the plaintiff (1) was a member of a protected class, (2) was qualified for his position,

(3) suffered an adverse employment action, and (4) that members of the opposite

sex were treated more favorably. <u>Burton v. Teleflex Inc.</u>, 707 F.3d 417, 426 (3d Cir.

2013). To sustain a prima facie case for a retaliation claim, the plaintiff must

demonstrate that (1) he engaged in activity protected under Title VII, (2) his

employer took an adverse employment decision against him, and (3) there was a

causal connection between the protected activity and the adverse employment

action. <u>Moore v. City of Philadelphia</u>, 461 F.3d 331, 340–341 (3d Cir. 2006). The

plaintiff must demonstrate his employer's retaliation was the "but for" cause of the

adverse employment action. <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338,

352 (2013).

Assuming the plaintiff has established a prima facie case, at step two, the

burden shifts to the employer to proffer a legitimate, non-discriminatory reason for

the adverse employment decision. <u>Burton</u>, 707 F.3d at 426. This burden is

"relatively light." <u>Tomasso v. Boeing Co.</u>, 445 F.3d 702, 707 (3d Cir. 2006) (quoting

<u>Fuentes v. Perskie</u>, 32 F.3d 759, 763 (3d Cir. 1994)); <u>see</u> <u>also</u> <u>Lichtenstein v. Univ. of</u>

<u>Pittsburgh Med. Ctr.</u>, 691 F.3d 294, 302 (3d Cir. 2012) (describing this step as a

"minimal burden"). If the employer can meet its burden, the plaintiff must then

demonstrate "the employer's proffered justification is merely a pretext for

discrimination." <u>Burton</u>, 707 F.3d at 426 (citing <u>Fuentes</u>, 32 F.3d at 764-65). He can

do so by citing to evidence in the record "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes, 32 F.3d at 764.

Even assuming, without deciding, Bascom could make out a prima facie case, his discrimination and retaliation claims still would fail. These claims rise and fall on the circumstances surrounding his termination. It is undisputed that PATH's board terminated Bascom due to his harassing conduct and financial improprieties. (Doc. 32 ¶¶ 39-40).[2] This misconduct is well-documented in the record by multiple PATH employees, and Bascom even conceded and apologized to PATH for some of his actions. (See, e.g., id. ¶¶ 1, 11, 13, 20-21; Haefner Dep. 38:12-39:19 (noting at least seven staff members filed complaints against Bascom)). PATH has thus met its "relatively light" burden. Tomasso, 445 F.3d at 707.

Conversely, Bascom fails to demonstrate these reasons were pretextual. He admits he has no knowledge of bias or retaliatory intent by the PATH board members who unanimously voted to terminate him. (Docs. 32 ¶¶ 39, 43-45; 38-1 ¶¶ 39, 43-45). Indeed, one board member submitted a sworn affidavit that her "vote to terminate Mr. Bascom was not influenced by his sex, his health, or any complaints made by him at anytime." (Doc. 34-23 ¶ 7). Without substantiated evidence that the individuals ultimately responsible for his firing bore animus towards him on

---

[2] As noted above, paragraph 40 of PATH's statement of material facts is considered uncontroverted due to Bascom's failure to follow Rule 56.1 in attempting to dispute it. See Weitzner, 909 F.3d at 613-14.

account of his sex, Bascom's claims necessarily fail. In other words, the mere

allegation that Mitchell's perceived animus infected the board's decision to fire him

is not enough to create a genuine dispute of material fact. See Berckeley Inv.

Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("[S]ummary judgment is

essentially 'put up or shut up' time for the non-moving party: the non-moving party

must rebut the motion with facts in the record and cannot rest solely on assertions

made in the pleadings, legal memoranda, or oral argument.").[3]

### 2. Hostile Work Environment

To sustain his Title VII hostile work environment claim, Bascom must

demonstrate (1) he suffered intentional discrimination on account of his sex, (2) the

discrimination was both pervasive and regular, (3) the discrimination detrimentally

affected him, (4) the discrimination would detrimentally affect a reasonable person

of the same sex in that position, and (5) the existence of *respondeat superior* liability.

Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009)

(quoting Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001)). "The first four

elements of this claim establish that a hostile work environment existed. The fifth

element . . . establishes the basis on which to hold the employer liable." Id. This

analysis reviews the totality of the circumstances, "including the 'frequency of the

discriminatory conduct; its severity; whether it is physically threatening or

---

[3] Title VII and PHRA claims are construed coextensively, so Bascom's gender discrimination and retaliation claims under the PHRA fail on the same basis. See Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1083–84 (3d Cir. 1995); Eldridge v. Municipality of Norristown, 514 F. App'x 187, 189 n. 2 (3d Cir. 2013).

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).

This claim survives summary judgment. PATH's briefing on this issue offers conclusory argument and is virtually devoid of record citations. (Docs. 33 at 10-11; 39 at 15). The latter is telling, because the record demonstrates a classic "he said, she said" dispute unfitting for summary judgment. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 726 (2d Cir. 2010) (remarking where the evidence presents "a question of 'he said, she said,' . . . the court cannot . . . take a side at the summary judgment stage."). Bascom testified during his deposition that Mitchell made repeated statements attacking his masculinity, rather than a one-off remark. (See, e.g., Bascom Dep. 37:1:23; 42:14-22). His August 21, 2022, grievance letter also documented that Mitchell "consistently us[ed] derogatory language about my gender to my face and to other agency staff." (Doc. 34-15 at ECF 6). True, Bascom later filed a letter of resolution that his "grievances have been clarified and resolved." (Doc. 34-16 at ECF 5). Nevertheless, this apparent concession goes to a credibility determination, which is inappropriate at summary judgment. Anderson, 477 U.S. at 242-43. And PATH offers no argument that *respondeat superior* liability

should not attach to the company for the actions of its CEO. (Doc. 32 ¶ 5). Thus,

Bascom's Title VII hostile work environment claim survives summary judgment.[4]

## B. ADA/PHRA

### 1. Discrimination & Retaliation

Courts analyzing claims arising from the ADA and the PHRA use the burden-

shifting framework articulated in McDonnell Douglas. Fowler v. AT&T, Inc., 19

F.4th 292, 298 (3d Cir. 2021); Fowler v. AT&T, Inc., 19 F.4th 292, 298 (3d Cir. 2021);

Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

At step one of this framework, the plaintiff must establish a prima facie case

of discrimination and retaliation. See McDonnell Douglas Corp. v. Green, 411 U.S.

792, 802 (1973). He can do so in a discrimination case by presenting sufficient

evidence that (1) he has a disability within the meaning of the ADA, (2) he was

qualified to perform the essential functions of her job, with or without reasonable

accommodations, and (3) he suffered an adverse employment action as a result of

discrimination. Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 346 (3d Cir.

2022) (quoting Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 193 (3d Cir. 2015)). If he

brings a retaliation claim, the plaintiff must establish that (1) he engaged in a

protected activity and the retaliator knew of the involvement; (2) the defendant took

adverse action either during or after the protected activity that was sufficient to

---

[4] As established above, Title VII and PHRA claims are construed coextensively. Thus, Bascom's gender-based hostile work environment claim under the PHRA also survives summary judgment, as the court will exercise supplemental jurisdiction over this claim. 28 U.S.C. § 1367(a).

deter a person of ordinary firmness from engaging in the protected activity; and (3)

there is a causal connection between the protected activity and the adverse action.

Derrick F. v. Red Lion Area Sch. Dist., 586 F. Supp. 2d 282, 300 (M.D. Pa. 2008); see

also Shaner, 204 F.3d at 500; Carvalho-Grevious, 851 F.3d at 257. Should the

plaintiff establish his prima facie case, the McDonnell Douglas burden shifting

framework articulated above applies.

To demonstrate pretext and defeat summary judgment, the plaintiff must

identify evidence that would allow the factfinder to "(1) disbelieve the employer's

articulated legitimate reasons; or (2) believe that an invidious discriminatory reason

was more likely than not a motivating or determinative cause of the employer's

action." See Shaner, 204 F.3d at 501 (3d Cir. 2000) (quoting Fuentes, 32 F.3d at 764).

The plaintiff may call attention to "weaknesses, implausibilities, inconsistencies,

incoherencies, or contradictions in the employer's proffered legitimate reasons."

See Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015)

(quoting Fuentes, 32 F.3d at 764).

Like his Title VII discrimination and retaliation claims, Bascom's ADA and

PHRA discrimination and retaliation claims, relating to his taking mental health

days, also do not survive summary judgment. Here, again, Bascom's concession that

he has no knowledge of bias or retaliatory intent by the PATH board members who

unanimously voted to terminate him is fatal to his claims. (Docs. 42 ¶¶ 39, 43-45; 38-1

¶¶ 39, 43-45). This concession is supported by a sworn affidavit from a PATH board

member who voted to terminate Bascom's employment that her "vote to terminate

Mr. Bascom was not influenced by his sex, his health, or any complaints made by

him at anytime." (Doc. 34-23 ¶ 7). And because it is undisputed he was fired due to

his harassing conduct and financial improprieties, Bascom cannot demonstrate

these justifications were pretextual. (Doc. 42 ¶¶ 39-40). Therefore, PATH's motion

for summary judgment on these claims is granted.[5]

### 2.  Hostile Work Environment

An employee asserting an ADA hostile work environment claim must

demonstrate that (1) he is a qualified individual with a disability under the ADA, (2)

he was subjected to harassment, (3) the harassment was due to his disability or

request for accommodation, (4) the harassment was sufficiently severe or pervasive

so as to alter the conditions of his employment and to create an abusive work

environment, and (5) his employer knew, or should have known, of the harassment

and failed to take prompt remedial action. Walton v. Mental Health Ass'n. of Se.

Pennsylvania, 168 F.3d 661, 667 (3d Cir. 1999).

Bascom fails at the first element. His complaint advances a hostile work

environment ADA claim under a "perceived disability" theory. (Doc. 23 ¶¶ 78-87). In

this context, the ADA defines disability as "being regarded as having such an

impairment." 42 U.S.C. § 12102(1)(C). The statute explains the "being regarded as"

framework "shall not apply to impairments that are transitory and minor. A

transitory impairment is an impairment with an actual or expected duration of 6

---

[5] As discussed further below, Bascom also is unable to make his prima facie
case because his perceived disability was both transitory and minor.

months or less." 42 U.S.C. § 12102(3)(B). But the ADA does not define the term

"minor," so "courts have approached the issue on a case-by-case basis."

 Eshleman v. Patrick Indus., Inc., 961 F.3d 242, 247, 249 (3d Cir. 2020). A "regarded

as" disability may only be discounted if the plaintiff's impairment was both

transient and minor, which require separate considerations. Id. at 249; see also 29

C.F.R. § 1630.15(f) (noting that an employer must demonstrate that the impairment

is both "transitory" and "minor" under an objective standard).

The Third Circuit has twice considered whether "regarded as" disabilities

were minor in published opinions. In Eshleman, the court listed factors to be used

in evaluating whether an impairment is minor, such as "the symptoms and severity

of the impairment, the type of treatment required, the risk involved, and whether

any kind of surgical intervention is anticipated or necessary—as well as the nature

and scope of any post-operative care." 961 F.3d at 249. Minor impairments include

"common ailments like the cold or flu," which fall "at the lowest end of the

spectrum of severity." Id. at 248 (quoting H.R. Rep. No. 110–730 pt. 2, at 18 (2008)).

And in Morgan v. Allison Crane & Rigging LLC, the Third Circuit remarked that

"[b]ack pain which causes difficulty bending, lifting, walking, and turning left or

right, is undoubtedly more than minor pain." Morgan v. Allison Crane & Rigging

LLC, 114 F.4th 214, 224 (3d Cir. 2024).

Bascom's impairment was clearly transitory, even though the parties dispute

how many "mental health days" Bascom took off. In PATH's view, he took such

leave on two occasions: March 24, 2022, and the five days from August 15 to 19, 2022.

(Doc. 32 ¶ 26). Bascom maintains he took "leave to his mental health on March 4,

2022, March 16, 2022, March 25, 2022, and August 15, 2022, through August 19, 2022." (Doc. 38-1 ¶ 26). Assuming, without deciding, that Bascom is correct, his impairment was nevertheless transitory as it lasted under six months. 42 U.S.C. § 12102(3)(B).

This impairment was also minor. While the court does not discount the weight of mental health issues, neither Bascom's brief in opposition to summary judgment nor his response to PATH's statement of material facts demonstrates how his mental health issues affected him symptomatically, the treatment such issues required, beyond taking a few days off from work, and PATH's knowledge of those symptoms and treatments. (Docs. 38 at 21; 38-1). This is unlike Morgan, where the deleterious effects of the employee's back pain were well-documented in the record and well-known to his employer. Morgan, 114 F.4th at 224. Mere speculation cannot demonstrate severity. Eshleman, 961 F.3d at 249. Therefore, Bascom's ADA and PHRA disability-based hostile work environment claims cannot survive summary judgment.

**IV.**    **Conclusion**

While Bascom's Title VII and PHRA gender-based hostile work environment claims present genuine disputes of material fact, none of his other claims do. Thus, the court grants summary judgment in PATH's favor on those remaining claims, denies its summary judgment motion as to Bascom's Title VII and PHRA gender-based hostile work environment claims, and denies its motion to dismiss as moot. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    September 30, 2025